IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATONYA GOULD INDIVIDUALLY AND AS NEXT FRIEND OF K.G., A MINOR, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-786-K-BN |
| DENNIS D. WOOD and SWIFT TRANSPORTATION SERVICES, LLC | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This civil action filed by Plaintiff LaTonya Gould has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 20.

Defendants Swift Transportation Service, LLC and Dennis D. Wood have filed a Motion for Summary Judgment against the claims of LaTonya Gould individually. *See* Dkt. No. 26. Gould, who now represents herself *pro se*, did not file a response, and the time to do so has passed.

The undersigned now entered the following findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should grant the motion for summary judgment.

## Background

On June 13, 2017, Gould was driving southbound on Interstate 35 in Waxahachie, Texas when Defendant Dennis D. Wood collided with her car. *See* Dkt. No. 1-1. Wood was an employee of Swift Transportation at the time of the accident. *See* Dkt. No. 27. Wood failed to stop at the scene after the accident, and Gould sustained injuries requiring medical treatment as a result of the collision. *See* Dkt. No. 1-1.

Gould sued Swift Transportation and Wood in Texas state court, and Defendants removed the lawsuit to this court on the basis of diversity jurisdiction. *See* Dkt. No. 7. Gould is a citizen of Texas, Wood is a citizen of Oklahoma, and Swift Transportation is an Arizona corporation.

Gould asserts claims of negligence per se, negligence, and gross negligence against Wood. Gould asserts that Wood violated Texas Transportation Code §§ 542.206, 545.062, and 545.351 and that those violations constituted negligence per se. *See id.* at 5-6. Gould also alleges that Wood failed to keep a proper lookout, failed to yield, operated his motor vehicle at a rate of speed which was greater than that of a person of ordinary prudence, failed to apply the brakes in a timely manner, failed to control his speed, failed to take reasonable care in controlling his vehicle, operated the vehicle without due regard for the rights of others, and drove inattentively. Gould contends that the Transportation Code violations, as well as these acts and omissions, constitute negligence. *See id.* at 6-7. And Gould alleges that Wood's acts and omissions involved an extreme degree of risk, constituting gross negligence.

Gould contends that Swift Transportation is liable for Wood's violations of the Texas Transportation Code and other acts of negligence under the theory of respondeat superior. *See id.* at 5, 7-8. She alleges that, at the time of the accident, Wood was in the course and scope of his employment with Swift Transportation. She also asserts a negligent entrustment claim against Swift Transportation. *See id.*

Gould seeks monetary relief over $200,000 but not more than $1,000,000 for reasonable medical care and expenses, physical pain and suffering, mental anguish, loss of earning capacity, disfigurement, and the cost of medical monitoring. *See id.* at 4, 9-10.

Defendants now move for summary judgment on Gould's claims only. *See* Dkt. No. 27 at 4-5. They contend that Gould "failed to produce any evidence that either Defendant acted or failed to act in any way that constituted a derivation below the applicable standard of care." *Id.* at 5. Defendants also contend that the Texas Transportation Code statutes cited in Gould's original petition do not provide a basis for negligence per se. *See id.* at 5. Defendants further contend entitlement to summary judgment because there is not more than a scintilla of evidence to support Gould's claims. *See id.* at 7.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is

material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts

-4-

showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal

quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

While the Local Rules in this district do not require the parties to submit statements or counter-statements of undisputed facts, where the Defendant cites a fact that Plaintiffs do not controvert with evidence, the Court may accept it as true. *See Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Bradley v. Chevron U.S.A., Inc.*, No. 2:04-cv-92-J, 2004 WL 2847463, at *1 n.2 (N.D. Tex. Dec. 10, 2004).

Gould has not responded to Defendant's motion for summary judgment. Gould's failure to respond does not permit the Court to enter a "default" summary judgment. But the Court is permitted to accept movant's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Moreover, Gould's

failure to respond means that she has not designated specific facts showing that there is a genuine issue for trial on any of her claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## Analysis

I. <u>Negligence</u>

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004)). Defendants argue that they are entitled to summary judgment on Gould's negligence claims because Gould failed to produce evidence that Defendants owed her a legal duty, breached a legal duty owed to her, or proximately caused her harm.

### A. Legal Duty

A duty is a legal obligation to conform to a particular standard of conduct. *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex. App. – Dallas 1993, writ denied). Gould alleges several duties that she claims Wood owed her. *See* Dkt. No. 1-1 at 4 (listing Wood's duties as the following: keep a proper lookout for Gould's safety, yield, operate the motor vehicle at a reasonable speed, apply the brakes in a timely manner,

take reasonable care in controlling the vehicle, control the vehicle, and drive in an attentive manner). Defendants simply argue that Gould failed to provide evidence of a duty but do not address the duties alleged by Gould. Because the Defendants fail to address the duties alleged by the Gould, they fail to meet their initial summary judgment burden on the first element of Gould's negligence claim.

### B. Breach of Duty

Defendants also argue that Gould failed to produce any evidence that Defendants breached a legal duty. Defendants have met their initial burden of showing that no genuine issue of material fact exists with respect to the second element of Gould's negligence claim, and so the burden shifts to Gould to demonstrate the existence of a genuine issue of material fact on the alleged breach of the duties.

Texas law is clear that an accident alone does not constitute evidence of a breach. *See Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 48 (Tex. App. – San Antonio 2005, no pet.) ("[T]he occurrence of an accident is not of itself evidence of negligence."). Rather, a plaintiff must prove the element of breach and bring forth competent summary judgment evidence to prove the defendants' breach of a duty. *See Nabors Drilling, U.S.A., Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex. 2009).

Gould is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence supported [her] claim." *ContiCommodity Servs. Inc., v. Ragan,* 63 F.3d 438, 441 (5th Cir. 1995). Gould has failed to reply to Defendants' motion and counter with specific facts to show a genuine dispute exists on a breach of duty.

Defendants further argue there is no evidence of a breach because the Gould did not designate an expert witness, and the deadline for such designations has expired. *See* Dkt. No. 27 at 5. Expert testimony is generally necessary when an issue involves a matter beyond a lay person's common understanding. *See Guevara v. Ferrer,* 247 S.W.3d 662, 665 (Tex. 2007); *see also Goodyear Tire & Rubber Co. v. Rios,* 143 S.W.3d 107, 118 (Tex. App. – San Antonio 2004, pet. denied) (explaining that, when "a lay person's general experience and common sense will not enable that person to determine the issue, expert testimony is required."). Defendants point to the absence of expert testimony to opine "any alleged breach." Dkt. No. 27 at 5. A defendant can meet its summary judgment obligation by pointing the Court to the absence of evidence to support a required element of a plaintiff's case. *See Keeley v. Cisco Sys.,* No. 3:01-cv-1504-D, 2003 WL 21919771, at *3 (N.D. Tex. Aug. 8, 2003) (noting that, although the defendant did not explicitly argue that plaintiff had failed to establish a prima facie case, the defendant had satisfied its summary judgment burden by pointing to the absence of evidence to support one prong of the prima facie case) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Gould did not file a response disputing these claims. Therefore, Gould has not met her burden, and Defendants are entitled to summary judgment on Gould's negligence cause of action.

### C. Proximate Cause

Defendants also argue that there is no genuine issue of material fact regarding

the element of proximate cause. A breach is the "proximate cause" of the plaintiff's harm when it is a "cause in fact" of the harm and "a reasonable prudent person should have known of the anticipated danger created by [the breach]." *Allison v. J.P. Morgan Chase Bank, N.A.,* No. 1:11-CV-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012); *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 774-75 (Tex. 2010). Mere conjecture, guess, or speculation cannot establish proximate cause. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex. 1995). Rather, the plaintiff must prove proximate cause with evidence of probative force. *See id.* "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Id.* (internal citations omitted). But it is not enough to show cause in fact if the defendant did nothing more "than furnish a condition which made the injury possible." *Id.* "Instead, the evidence must show that the negligence was the proximate, not the remote, cause of the injuries and justify the conclusion that the injury was the natural probable result." *Katy Springs & Mfg. v. Favalora,* 476 S.W.3d 579, 590 (Tex. App. – Houston [14th Dist.] 2015, pet. denied) (citing *Ambrosio v. Carter's Shooting Ctr., Inc.,* 20 S.W.3d 262, 266 (Tex. App. – Houston [14th Dist.] 2000, pet. denied)).

Furthermore, the mere occurrence of a collision does not establish negligence as a matter of law. *See Benavente v. Granger,* 312 S.W.3d 745, 749 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Rather, the plaintiff still has the burden of proving negligence of the defendant as the proximate cause of an accident. *See id.* (quoting *Neese v. Dietz,*

845 S.W.2d 311, 313 (Tex. App. – Houston [1st Dist.] 1992, writ denied)).

Here, Gould does not provide evidence of proximate cause, and, instead, essentially contends that the collision itself constitutes negligence. *See* Dkt No. 1-1 at 6.

Because Gould provides no evidence beyond mere conjecture and speculation to show the alleged negligence was the proximate cause of the injuries, Defendants are entitled to summary judgment on Gould's negligence claims.

## II.   Negligence Per Se

Gould contends that Wood's alleged violation of the safety rules in the Texas Transportation Code constitute a claim of negligence per se. Gould specifically mentions Section 545.351, which prohibits an operator from driving "at a speed greater than is reasonable and prudent under the circumstances existing," and Section 545.062, which requires an operator to "maintain an assured clear distance between ... two vehicles ... [so that] the operator can safely stop without colliding with the preceding vehicle." TEX. TRANSP. CODE §§ 545.351, 545.062.

"Negligence per se applies when the courts have determined that the violation of a particular statute is negligence as a matter of law." *Allison*, 2012 WL 4633177, at *13 (citation omitted); *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). To state a claim for negligence per se, a plaintiff must show that the defendant violated a qualifying statute and that its violation was the proximate cause of her damages. *See Ward v. ACS State & Local Sols., Inc.,* 328 S.W.3d 648, 652 (Tex. App. – Dallas 2010, no pet.) (citing *Moughon v. Wolf,* 576 S.W.2d 603, 604 n. 2 (Tex. 1978)).

Here, both statutes contain language requiring an operator act safely or reasonably and prudently, and a statute that requires a driver proceed safely or prudently imposes on the driver a duty of reasonable care, thus precluding negligence per se. *See Louisiana-Pacific Corp. v. Knighten,* 976 S.W.2d 674, 675 (Tex. 1998); *Benavente,* 312 S.W.3d at 749 (stating that a "breach of section 545.062 does not constitute negligence per se" because it imposes "the same duty of reasonable care as that imposed under common law"); *Borden, Inc. v. Price,* 939 S.W.2d 247, 249 (Tex. App. – Amarillo 1997, writ denied) (explaining that, when a statute conditions "its breach upon proof that the defendant failed to act safely, with safety, or prudently, the statutes impose[] upon the complainant the burden of proving that his opponent acted unreasonably"). The statutes here contain language that is conditioned on ordinary negligence principles, and therefore the alleged violations of the statutes do not constitute negligence per se. *See Cudworth v. South Texas Paisano Const. Co.*, 705 S.W.2d 315, 317 (Tex. App. – San Antonio 1986, writ ref'd n.r.e); *Borden*, 939 S.W.2d at 250 (citing *Cudworth,* 705 S.W.2d at 317.).

Gould also contends that Wood's alleged violation of section 542.206 constitutes negligence per se. Section 542.206 states that "declaring a maximum or minimum speed limit does not relieve the plaintiff in a civil action from the burden of proving negligence of the defendant as the proximate cause of the accident." TEX. TRANSP. CODE § 542.206. The relevance of this statute is unclear, especially considering Gould's claim is one of negligence per se rather than negligence.

Therefore, as a matter of law, Gould's claim of negligence per se is unavailable, and Defendants are entitled to summary judgment on Gould's negligence per se claim.

III. <u>Gross Negligence</u>

Gould argues that the acts or omissions of Defendants involved an extreme degree of risk for which Defendants had awareness. *See* Dkt. No. 1-1 at 6. Gross negligence includes two elements:

> (1) viewed objectively from the actors standpoint, the act or omission must involve an extreme degree of risk, considering the probability and the magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

*Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex. 1994). The test for gross negligence contains an objective and subjective prong. *See Wal-Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 326 (Tex. 1993). "Evidence of simple negligence is not enough to prove either element of gross negligence." *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex. 1998). An act or omission that is "merely thoughtless, careless or not inordinately risky" does not satisfy the elements of gross negligence. *Moriel,* 879 S.W.2d at 22..

Under the first element, "'extreme risk' is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex. 1998). This threshold is "significantly higher than the objective 'reasonable person' test for negligence." Gould argues that Defendants "acts and omissions ... involved an extreme degree of risk, considering the probability and magnitude of the potential harm to plaintiff and

-14-

others." Dkt. No. 1-1 at 6. But Gould failed to provide specific evidence that Defendants engaged in activity meeting the higher threshold required to prove an act or omission involved an extreme degree of risk.

To meet the second element, the defendant must have known about "the peril, but its acts or omissions demonstrated that it did not care." *Ellender,* 968 S.W.2d at 921. Because Gould did not provide sufficient evidence to show the Defendants' acts or omissions involved an extreme degree of risk, there is also no evidence proving the Defendants were subjectively aware of an extreme degree of risk.

Furthermore, in Texas, a defendant "cannot be grossly negligent without being negligent." *Trevino v. Lightning Laydown, Inc.,* 782 S.W.2d 946, 949 (Tex. App. – Austin 1990, writ denied)*; Driskill v. Ford Motor Co.,* 269 S.W.3d 199, 206 (Tex. App.–Texarkana 2008, no pet.) Because there is no evidence to sustain Gould's allegations of negligence, there is also insufficient evidence to substantiate Gould's claims of gross negligence as the threshold for gross negligence is significantly higher than that of negligence. *See Wal-Mart Stores,* 868 S.W.2d at 327 (evidence of simple negligence does not suffice to prove the elements of gross negligence).

Therefore, Defendants are entitled to summary judgment on Gould's gross negligence claims.

IV.     Negligent Entrustment

Gould alleges that Swift Transportation negligently entrusted Wood with a commercial motor vehicle claiming he was "unqualified, through training and/or experience, to operate a commercial motor vehicle." Dkt. No. 1-1 at 7-8. To establish

liability under a negligent entrustment theory, Gould must show: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent or reckless driver; (3) the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *See Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 758 (Tex. 2007).

The first element of the negligent entrustment theory does not appear to be an issue as Defendants do not dispute ownership of the vehicle and entrusting the motor vehicle with Wood. *See* Dkt. No. 27 at 7.

But Gould failed to provide evidence of the second and third elements necessary to establish liability under the theory of negligent entrustment. Gould asserts that Wood was "an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless," but fails to provide any evidence that Wood was unlicensed, incompetent, or reckless or that Swift Transportation knew or should have known that Wood was unlicensed, incompetent, or reckless. An example of sufficient evidence to establish these two elements would be driving records or driving habits, which courts have found to be competent evidence to show a predisposition of incompetence or recklessness of which an owner should have been aware. *See Broesche v. Bullock,* 427 S.W.2d 89, 93 (Tex. Civ. App. – Houston [14th Dist.] 1968, writ ref'd n.r.e.). But Gould provides no such evidence and asserts no more than a scintilla of evidence of a negligent entrustment theory.

Furthermore, the fourth and fifth elements of the theory of negligent

entrustment require that the driver was negligent on the occasion in question and the driver's negligence was the proximate cause of the accident. *See Mayes,* 236 S.W.3d at 758. But Gould has failed to meet her burden on all other negligence claims asserted, and has therefore failed to show sufficient evidence of elements four and five under the theory of negligent entrustment.

Because Gould failed to provide more than a scintilla of evidence for four out of the five elements required under the theory of negligent entrustment, Defendants are entitled to summary judgment on Gould's negligent entrustment claims.

V.  Respondeat Superior

Gould sues Swift Transportation in this suit under the theory of respondeat superior. *See* Dkt. No. 1-1 at 5. Under the theory of respondeat superior, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Mayes,* 236 S.W.3d at 757. The employee's act must be of the same general nature or incidental to the conduct authorized. *See id.* "If an employee deviates from the performance of his duties for his own purpose, the employer is not responsible for what occurs during that deviation." *Id.*

"Proving an employer's vicarious liability for a worker's negligent driving … involves a two-step process." *Painter v. Amerimex Drilling I, Ltd.,* 561 S.W.3d 125, 138 (Tex. 2018). The plaintiff has the burden of showing, at the time of the alleged conduct, that the worker (1) was an employee and (2) was acting within the course and scope of

-17-

his employment. *See id.* Gould alleges that Wood was an employee of Swift Transportation at the time of the incident. *See* Dkt. No. 1-1 at 5, 7-8. And Swift Transportation does not contest this fact. *See* Dkt No. 27 at 5 (stating "Defendant Swift does not dispute that Defendant Wood was its employee on the date of the accident."). Gould also alleges that Wood was acting within the course and scope of his employment. *See* Dkt. No. 1-1 at 5,7-8. Swift Transportation disputes this fact, claiming that Gould "has no evidence of the elements of liability under the theory of *respondeat superior*." Dkt. No. 27 at 6. But Swift Transportation does not conclusively establish that Wood was acting outside the course and scope of employment at the time of the accident. *See Painter*, 561 S.W.3d at 139 (concluding that defendant was not entitled to summary judgment because he had not established that the employee was acting outside the course and scope of employment at the time of the incident).

On the other hand, an employer cannot be vicariously liable under respondeat superior for a plaintiff's negligence claims when the plaintiff has not met the prima facie case on such claims. Because Defendants are entitled to summary judgment on Gould's claims of negligence, negligence per se, gross negligence, and negligent entrustment, Defendants are also entitled to summary judgment on Plaintiff's claims under the theory of respondeat superior.

**Recommendation**

The Court should grant Defendants' Motion for Summary Judgment Against the Claims of LaTonya Gould, Individually [Dkt. No. 26].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE